IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY SPENCER )<br>　　　　Plaintiff )<br> )<br> )<br>　　　　v. ) | C.A. No. 08-329 Erie |
| ) | **District Judge McLaughlin** |
| ) | **Magistrate Judge Baxter** |
| MICHAEL J. ASTRUE, et al, ) | |
| 　　　　Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　　RECOMMENDATION**

It is respectfully recommended that this matter should be remanded to the Social Security Administration for further proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g) as the administrative record before this Court is incomplete.

It is respectfully recommended that Plaintiff's motion for summary judgment [Document 11] be dismissed and the motion for summary judgment filed by the Commissioner [Document # 16] be dismissed.

**II.　　REPORT**

In this civil action filed on November 26, 2008, Plaintiff Randy Spencer (hereinafter, "Spencer") seeks judicial review of the Commissioner's determination that he is not entitled to waiver of an overpayment of disability insurance benefits in the amount of over $47,000. Both Plaintiff Spencer and the Commissioner have filed cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Documents # 11, 16.

### A.     Legal Standards
#### 1.     Jurisdiction

District Court review of an ALJ's decision regarding disability benefits is limited in scope. 42 U.S.C. § 405(g) provides "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain review of such decision by a civil action." A decision of the Commissioner becomes final when the Appeals Council affirms an ALJ decision, denies review of an ALJ decision, or when a claimant fails to pursue the available administrative remedies. Aversa v. Secretary of Health & Human Services, 672 F.Supp. 775, 777 (D.N.J.1987); see also 20 C.F.R. § 404.905.  This Court has jurisdiction to review the case under § 405(g) because the Commissioner's decision became final upon the Appeals Council's denial of review of the ALJ's decision.

#### 2.     Standards applicable to the ALJ's decision

The court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence.  42 U.S.C. § 405(g); Smith v. Astrue, 2009 WL 5126559, at *2 (3d Cir. Dec.30, 2009); Bailey v. Commissioner of Social Security, 2009 WL 4364851, at *2 (3d Cir. Dec.3, 2009) citing Poulos v. Commissioner of Social Security, 474 F.3d 88, 91 (3d Cir. 2007).  "Substantial evidence" is explained as "less than a preponderance of the evidence, but more than a mere scintilla; it is such relevant evidence as a reasonable mind might accept to support a conclusion."  Bailey, at *2, quoting Richardson v. Perales, 402 U.S. 389, 401 (1971).  The federal courts may not engage in a *de novo* review of the Commissioner's decision.  "To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. 5 U.S.C. § 706."  Whipkey v. Astrue, 2010 WL 419422, at *11 (W.D.Pa. Jan.29, 2010).  See also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1985).

### 3.     Standard regarding Waiver of Overpayment

The Social Security Act requires the Commissioner to recover erroneous overpayments of benefits.  However, in certain circumstances the overpayment may be waived at the Commissioner's discretion.

To be entitled to a waiver, Plaintiff must first establish that he was without fault in causing and accepting the overpayment of benefits, (20 C.F.R. §404.507), and, second, Plaintiff must show either (1) that repayment would defeat the purpose of Title II of the Act by depriving him of funds required for ordinary and necessary living expenses ( 20 C.F.R. §404.508); or (2) that recovery of the overpayment would be against equity and good conscience (20 C.F.R. §404.509).

### B.     Discussion and Analysis

The Social Security Act mandates that the Commissioner "shall file a certified copy of the transcript of record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). The Court's recitation of relevant facts is derived from the transcript of the administrative record filed by the Commissioner as part of his answer, which is referred to hereinafter as Document # 4, as well as the supplemental transcript of the administrative record, which is referred to as Document # 10.  In this case, the administrative record is incomplete.

Plaintiff Spencer began receiving disability insurance benefits in October of 1989.  The issue presently before this Court (the waiver of overpayment) began in earnest in the summer of 2000. By Notice dated August 24, 2000, Plaintiff was notified of an overpayment in the amount of $47,594.70 for benefits erroneously paid from January 1996 through July 2000.  Document # 10, Supplemental Record, pages 26-28.  Plaintiff filed a request for reconsideration and a request for waiver of overpayment on September 22, 2000, and both requests were denied by

Notice issued December 12, 2000.  Plaintiff then requested a hearing on the matter.

On May 21, 2001, Administrative Law Judge James J. Pileggi conducted a hearing at which Plaintiff testified.  Documents #10-2, pages 70-100; 10-3, pages 1-14.  By decision dated September 27, 2001, ALJ Pileggi denied Plaintiff's request for waiver of overpayment.  Document # 10-2, pages 58-61.  Plaintiff then requested review by the Appeals Council, and the request was denied by Order dated July 14, 2003.

In August of 2003, Plaintiff filed suit in this Court seeking review of the Commissioner's determination.  After Plaintiff filed a motion for summary judgment, the Commissioner filed a motion for a voluntary remand, which was granted on July 13, 2004.  See Civil Action Number 03-264Erie.  Following the Court's remand, on September 5, 2004, the Appeals Council formally remanded the matter back to ALJ Pileggi.  Document # 4, pages 59-60.

On June 14, 2005, ALJ Pileggi held a hearing at which Plaintiff and his mother, Twila Spencer, testified.  Document #10-3, pages 15-50.  In an Opinion issued October 5, 2005, ALJ Pileggi again denied Plaintiff's request for waiver of overpayment.  Document # 4, pages 143-149.

Thereafter, Plaintiff's counsel filed exceptions to the ALJ's opinion and on February 17, 2006, the Appeals Council **again** remanded the case but directed that the case be assigned to another ALJ.  The Appeals Council instructed: "The issues are whether and to what extent the claimant is (sic) overpaid (requiring consideration of the claimant's work activity) and, if overpaid, whether recovery can be waived." Document # 4, pages 156-158.  The Appeals Council's opinion further instructed that the new ALJ "will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision."  Id.

Thereafter, this matter was reassigned to Administrative Law Judge John Porter.  The record reflects that ALJ Porter held at least two hearings: one on February 23, 2007, and one on August 3, 2007.  See Document #4, pages 32-36 (Notice of Hearing scheduled for February 23,

2007); pages 23-27 (Notice of Hearing scheduled for August 3, 2007).

The transcript from the February 23, 2007 hearing indicates that it ended abruptly when Plaintiff and his counsel realized that Plaintiff had had prior dealings with the Vocational Expert, Dr. William Reed, during the course of litigation involving an auto accident. Document # 10-3, pages 51-130. A thorough review of the entire voluminous record shows that the transcript of the last hearing on August 3, 2007 is not included within the administrative record.[1] In the absence of the transcript of that hearing, this Court cannot determine whether the Commissioner's decision is supported by substantial evidence.

The record contains a letter from Attorney Chaban to ALJ Porter dated October 4, 2007. Document # 4-1, page 380. The letter indicates:

> "I am writing to follow up the August 3, 2007 hearing in this matter. I apologize for the delay in writing back to you with the records you requested. Enclosed is the documentation which you requested concerning the claims that Mr. Spencer filed regarding his 1999 accident and 2002 accident. I believe that this information complies with your request."

Id. There are no records attached to the letter in the Administrative Record before this Court, and because there is no transcript of the hearing to which the letter refers, it is impossible for this Court to determine whether ALJ Porter analyzed these documents in his opinion.[2]

---

[1] In his brief in support of the motion for summary judgment, the Commissioner summarizes and excerpts the numerous transcripts contained within the administrative record (including transcripts of deposition testimony given in other unrelated civil actions), but does not mention the August 3, 2007 hearing. See Document # 17, pages 8-18. Additionally, neither Court Transcript Index lists a transcript of that hearing. See Documents # 4, 10.

[2] It is possible that the records attached to Attorney Chaban's letter were what ALJ Porter refers to as Exhibits 47 and 49. However, such is only speculation by this Court. Warshaw v. Commissioner of Social Sec., 2010 WL 301828, at * 11 (N.D.Ohio Jan. 19, 2010)("The Court sees no obligation to wade through the entire record searching for support for the ALJ's conclusion..."); Sparrow v. Astrue, 2008 WL 4498800, at * 7 (N.D.Ind. 2008) ("This Court is not the finder of fact, nor is it this Court's duty to scour the record to verify the ALJ's findings.").

On March 11, 2008, ALJ Porter issued his opinion[3] denying the request for waiver of overpayment.  ALJ Porter questioned the credibility of Plaintiff's testimony and concluded: "I find nothing in the record to show that repayment of this amount would deprive the claimant of income needed to meet ordinary and necessary living expenses."  Document # 4, page 20.

The absence of the hearing transcript necessitates a remand of this case to the Commissioner. Section 405(g) mandates that the Commissioner file a certified copy of the transcript of record "including the evidence upon which the findings and decision complained of are based."  Id.   Remand is the usual remedy when the record is incomplete[4].  Melendez v. Astrue, 2010 WL 199266, at *1 (S.D.N.Y., Jan.20, 2010) quoting Curry v. Apfel, 209 F.3d 117, 124 (2d Cir.2000) and McClain v. Barnhart, 299 F.Supp.2d 309, 329 (S.D.N.Y.2004). See also Back v. Commissioner of Social Sec., 2009 WL 3785174, at * 1(S.D. Ohio, Nov.11, 2009) ("The Joint Conference Committee of Congress, in commenting upon the 1980 Amendments to the Act, stated that in some cases procedural difficulties necessitate, and therefore constitute, "good cause" for remand under sentence six. The Committee stated: there are sometimes

---

[3] The Opinion indicates that both Plaintiff and vocational expert Dr. Larry Ostrowski testified at the August 3, 2007 hearing.  Document # 4, page 15.

[4] Remand is frequently the remedy even when sections of a transcript are inaudible. See Wislon v. Astrue, 2009 WL 793039, at *16 (W.D.Pa. 2009) ("The transcript of the administrative hearing contains several inaudible insertions ... These omissions may be pertinent to the RESIDUAL FUNCTIONAL CAPACITY determination by the ALJ. The court is unable to assess properly the weight the ALJ gave to the VE's responses in his determination..."); Bula v. Commissioner, 2009 WL 890665, at *9 (N.D.N.Y. 2009) ("There are significant sections of answers from the Plaintiff that are mostly or totally inaudible, and this court cannot adequately review Plaintiff's testimony based on the quality of the transcript produced from the hearing."); Mullen v. Secretary of Health and Human Services, 878 F.Supp. 682, 684 (D.Del. 1995) ("After reviewing the transcript of the hearing that was furnished by the Office of Hearings and Appeals, the Court finds that good cause for a remand is present in this case. According to the transcript, the entire hearing before the ALJ lasted twelve minutes. Of the twelve minutes, at least three full minutes of testimony were not transcribed because of inaudibility; these untranscribed three minutes constitute the entire testimony of Plaintiff's wife."); Martinez v. Bowen, 1988 WL 33911, at * 3 (E.D. Pa.) ("In light of the poor quality of the transcribed record, this court is simply not able to determine whether there was substantial evidence to support the Secretary's decision that plaintiff is not disabled. A remand is therefore appropriate.").

procedural difficulties which prevent the Secretary from providing the Court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example ... the claimant's files ... are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the Courts may review under 205(g)..."); Cofer v. Astrue, 2009 WL 580340, at *2 (E.D. Cal. 2009) ("[W]here the administrative hearing is unable to be transcribed, good cause exists to remand the claim to the Commissioner for appropriate action to produce a record."); Romero v. Astrue, 2009 WL 1928961, at * 2 n.2 (W.D. La. 2009). "If a court is unable to engage in meaningful or informed judicial review due to an incomplete administrative record, the court has the authority to remand the case.   Remand, however, is not an automatic requirement provided that the transcript, albeit incomplete, contains ample evidence to provide for meaningful review." Strognish v. Astrue, 2008 WL 5263350, at *15 (W.D. Pa.) citing Harrison v. PPG Industries, Inc., 446 U.S. 578, 594 (1980).

  In this case, this Court cannot engage in a meaningful review of the ALJ's opinion without the transcript of the hearing upon which that opinion is based, and without the additional records requested by the ALJ during that hearing. See Lucas v. Astrue, 2008 WL 474286, at 4 n.1 (D.Kan. 2008) ("The entire administrative record is a necessary part of appellant's record on appeal.  This area of law is fact-specific and our standard of review is deferential to the Commissioner; therefore, the complete administrative record is required whether appellant argues that the findings are not supported by substantial evidence or that incorrect legal standards were applied.").

  Accordingly, this matter should be remanded to the Commissioner, and the pending motions for summary judgment should be dismissed.

### III.     CONCLUSION

It is respectfully recommended that this matter should be remanded to the Social Security Administration for further proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g) as the administrative record before this Court is incomplete.

It is respectfully recommended that Plaintiff's motion for summary judgment [Document 11] be dismissed and the motion for summary judgment filed by the Commissioner [Document # 16] be dismissed.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                          S/ Susan Paradise Baxter
                                                          SUSAN PARADISE BAXTER
                                                          United States Magistrate Judge

Dated: March 1, 2010